**HOU YONG ZHOU, Petitioner,**

v.

**Michael B. MUKASEY, Respondent.**

No. 07–5570–ag.

United States Court of Appeals, Second Circuit.

Sept. 5, 2008.

**94**

Lee Ratner, Law Offices of Michael Brown, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, M. Jocelyn Lopez Wright, Assistant Director, Mona Maria Yousif, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Hou Yong Zhou, a native and citizen of the People's Republic of China, seeks review of a November 30, 2007, order of the BIA denying his motion to reopen his removal proceedings. *In re Hou Yong Zhou*, No. A77 766 626 (B.I.A. Nov. 30, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006).

With regard to Zhou's religious persecution claim, we conclude that the BIA did not abuse its discretion in finding that he failed to establish changed circumstances sufficient to excuse his motion from the applicable time and number limits for such motions. 8 U.S.C. § 1229a(c)(7)(C). While Zhou argues that the evidence he submitted established changed circumstances in China, we find no abuse of discretion in the BIA's finding that such

evidence was insufficient to carry his burden of proof. In particular, the BIA found that the letter from his mother was insufficient to establish changed circumstances in China with regard to his religious persecution claim, where that claim had previously been denied by the IJ for "a failure of proof." The BIA opined that Zhou could not "use a motion to reopen as a second effort to prove factual allegations that could have been made before the immigration judge." *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). Zhou does not meaningfully challenge this finding in his brief to this Court. *See Yueqing Zhang*, 426 F.3d at 541 n. 1, 545 n. 7. Instead, he argues that the 2006 Country Report shows the deterioration of religious freedom in China. However, while that report may indicate that the Chinese government closely monitors religious activity in China and detains house church members, Zhou does not demonstrate how such repressive treatment reflects a change in the government's policies as required by 8 U.S.C. § 1229a(c)(7)(C)(ii). Indeed, the report provides that the government *continued* its crackdown on unregistered religious groups. Because the report does not provide material support for Zhou's motion to reopen, the BIA did not abuse its discretion when it did not explicitly address it in its evaluation of his religious persecution claim. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n. 17 (2d Cir. 2006) (presuming that the agency has taken into account all of the evidence before it, unless the record compellingly suggests otherwise). Zhou's reliance on the 2007 Asylum Profile fails for these same reasons. Accordingly, the BIA did not abuse its discretion in concluding that Zhou had failed to establish that circumstances in China had sufficiently changed with regard to his religious persecution claim to excuse his motion to reopen from the applicable time and number limits. *See* 8 U.S.C.

§ 1229a(c)(7)(C)(ii). The petition for review therefore is **DENIED** with respect to Zhou's claim of religious persecution.

With respect to Zhou's family planning claim, it is **ORDERED** that decision on the petition for review is **DEFERRED** pending the Court's decisions in *Shou Yung Guo v. U.S. Attorney Gen.,* No. 07–3415–ag and *Ji Wen Shi v. U.S. Dep't of Justice,* 07–2666–ag, or another precedential decision of this Court deciding whether to uphold the BIA's analysis of the country condition evidence addressed in *In re S–Y–G–,* 24 I. & N. Dec. 247 (BIA 2007) and *In re J–W–S–,* 24 I. & N. Dec. 185 (BIA 2007). Upon the Court's issuance of such a decision, the Clerk's Office will issue a new briefing schedule, directing the parties to submit supplemental papers explaining the relevance and impact of the Court's ruling on the instant case. The supplemental papers will be sent to a new panel of the Non–Argument Calendar.